UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIX R. MARISTELA & SALOME E. MARISTELA,<br><br>   Plaintiffs,<br><br>vs.<br><br>PARAMOUNT REALTY AND FINANCIAL, et al.,<br><br>   Defendants. | CASE NO. 09-CV-2856 W (BLM)<br><br>**ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION TO DISMISS**<br>**(Doc. No. 8.)** |

   On May 21, 2010, Defendants PNC Bank, National Association, doing business as PNC Mortgage; and as successor by merger to National City Bank, formerly doing business as National City Mortgage, and PNC Financial Services Group ("Defendants") moved to dismiss Plaintiffs Felix Maristela and Salome E. Maristela ("Plaintiffs") complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 8.)

   The Court decides the matter on the papers submitted and without oral argument. See S.D. Cal. Civ. R. 7.1(d.1)  And for the reasons stated below, the Court

**GRANTS** Defendants' motion to dismiss. (Doc. No. 8.)  The Court also **GRANTS** Defendants' request for judicial notice. (Doc. No. 9.)

I. BACKGROUND

Plaintiffs are the current title holders of a single family residence located at 8111 Elston Place, San Diego, California 92126. (the "Property")  Defendants are a collection of financial institutions that have been, or are currently, involved with the mortgage on the Property.

On or about November 8, 2006, Plaintiffs refinanced the mortgage on the Property. (Doc. No. 1 at ¶ 9.)  At some point, Plaintiffs began having difficulty making payments on their mortgage.  On August 12, 2009, Defendants recorded a "Notice of Default" on the Property.[1] (Doc. No. 9, Exh 2.)  A Trustee's Sale of the Property was scheduled for December 31, 2009. (*Id.* at Exh. 3.)

On December 21, 2009, Plaintiffs filed the instant lawsuit, asserting eight claims against the Defendants, including claims for intentional misrepresentation and violations of various statutes that dictate lending practices. (Doc. No. 1.)

On May 21, 2010 Defendants moved to dismiss the Complaint.  Defendants motion was set to be heard July 19, 2010.  As such, any opposition to Defendants' motion was due July 2, 2010. See S.D. Cal. Civ. R. 7.1(e.3)  To date, Plaintiffs have not filed an opposition, nor have they requested an extension of time in which to do so.

II. LEGAL STANDARD

Rule 12(b)(6) allows a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted.  FED. R. CIV. P. 12(b)(6).  A 12(b)(6) motion tests a complaint's legal sufficiency. See Navarro v. Block,

---

[1] Defendants request for the Court to take judicial notice of the Deed of Trust, Notice of Default, and Notice of Trustee's Sale, pursuant to Federal Rule of Evidence 201, is **GRANTED**. (Doc. No. 9.)

250 F.3d 729, 732 (9th Cir. 2001). Thus, dismissal is proper only where the plaintiff's complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. See id. "[I]f as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' a claim must be dismissed . . . whether it is based on an outlandish legal theory or a close but ultimately unavailing one." Neitzke v. Williams, 490 U.S. 319, 326-27 (1989) (citations omitted). Thus, a court should not dismiss a complaint "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). Finally, a court must accept the complaint's allegations as true and construe the complaint in the light most favorable to the plaintiff. See Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 338 (9th Cir. 1996).

### III. DISCUSSION

The Court grants Defendants' motions based upon Plaintiffs' failure to file an opposition as required by Civil Local Rule 7.1. The Ninth Circuit has held that pursuant to a local rule a district court may properly grant a motion to dismiss for failure to respond. See generally Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir.1995) (affirming dismissal for failure to file timely opposition papers where plaintiff had notice of the motion and ample time to respond); accord Martinez v. Stanford, 323 F.3d 1178, 1183 (9th Cir. 2003) (affirming Ghazali's applicability to Rule 12(b) motions).

Moreover, Civil Local Rule 7.1(f.3.c) expressly provides that "[i]f an opposing party fails to file papers in the manner required by Local Rule 7.1(e)(2), that failure may constitute a consent to the granting of that motion or other ruling by the court." Here, Plaintiffs has failed to oppose or to request an extension of time in which to do so. Relying on Civil Local Rule 7.1(f.3.c), the Court interprets Plaintiffs' failure to oppose Defendants' motion to dismiss as a consent to its merits.

Plaintiffs, however, have never been afforded an opportunity to amend their

1  Complaint.  Accordingly, the Court will **GRANT** Defendants' motion **WITH LEAVE**
2  **TO AMEND**.  Should Plaintiffs choose to file a First Amended Complaint, they must
3  do so <u>**on or before August 6, 2010.**</u>

5      **IT IS SO ORDERED**.

7  DATED:  July 19, 2010

                                                                                 *[signature]*
                                                  Hon. Thomas J. Whelan
                                                  United States District Judge